**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

ANN M. PANNETTA, :
Plaintiff, :
vs. :
:
MILFORD CHRYSLER SALES INC. et al.; : Civil Action No.: 14-cv-5680-JD
Defendants. :

**PLAINTIFF'S RESPONSE IN OPPOSITION TO**
**DEFENDANT MILFORD'S MOTION TO DISMISS AMENDED COMPLAINT**

Plaintiff answers in opposition to Defendant/Movant MILFORD CHRYSLER SALES INC.'s Motion to Dismiss plaintiff's First Amended Complaint ("the Motion") as follows:

## I. Summary of Facts/Argument

The First Amended Complaint ("FAC") for the instant case alleges claims against a car dealer and its agents and assignee engaging in predatory lending and deceptive sales practices from sale of a collision related frame damaged used vehicle (FAC ¶¶ 62-67) on unaffordable terms to an elderly fixed income consumer (FAC ¶¶ 13, 23-25, 32-35).

Movant improperly seeks to use the vehicle of a 12b6 motion to dismiss plaintiff's action by disputing a factual cornerstone of her allegations, namely that a $5,600 payment by Movant for plaintiff's trade vehicle constituted a down payment towards Movant's credit sale to plaintiff of a used Volkswagen that, in turn, should have reduced the amount financed and finance charge in an amount far lower than reflected in the TILA disclosures. Despite the aforesaid trade and sale taking place in a single transaction on a single day and the Movant's credit sale disclosure paperwork portraying the $5,600.00 as a "down payment" (FAC ¶¶ 15, 37-39, 73), Movant attempts to argue in the Motion that the payment is not a down payment but rather a separate sale transaction properly disclosed in the credit sale and deal paperwork as such because it is unrelated to payments under the RISC.

## II. Standard

1. Motion to Dismiss: *Fowler* re *Twombly* and *Iqbal*

**Reversing** the District Court's 12(b)(6) dismissal upon claims of insufficient specificity, the Third Circuit held the United State Supreme Court in Twombly and Iqbal (in accord with Phillips) merely requires that the Complaint "set out 'sufficient factual matter' to show that the claim is sufficiently plausible… [allowing] the reasonable inference that the defendant is liable for the misconduct alleged." Fowler v. UPML Shadyside - - F. 3d - -, 2009 WL 2501662 (C.A.3 (Pa) 2009) (quoting Ashcroft v. Iqbal, 129 S.Ct. 1955 (2009)); Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007); Phillips v. County of Allegheny, 515 F.3d 224, 230 (C.A.3 2008).

Fowler reiterated the appropriate Motion to Dismiss standard, as elucidated in Phillips, remaining: "courts [must] accept all factual allegations as true, construe the Complaint in the light most favorable to the plaintiff, and determine whether, under **any** reasonable reading of the Complaint, the plaintiff *may* be entitled to relief." Fowler, supra (quoting Phillips, at 233) (emphasis added). "Although Fowler's Complaint is not as rich with detail as some might prefer, it need only set forth sufficient facts to support plausible claims." Fowler (citing Twombly, at 564, n.8).

"Even post-Twombly, it has been noted that a plaintiff is **not required** to establish the elements of a *prima facie* case but instead, need only put forth allegations that 'raise a reasonable expectation ***that discovery will reveal evidence of the necessary element***.'" Fowler, supra; (quoting Graff v. Subbiah Cardiology Associates, Ltd., 2008 WL 231 2671 (W.D. Pa. 2008) Phillips, at 234. Thus, courts should not dismiss a complaint for failure to state a claim if it "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Montville Twp. v. Woodmont Builders LLC, No. 05-4888, 2007 WL

2261567, at *2 (3d Cir. 2007) (quoting Twombly, at 1969). In fact, a Plaintiff need not plead any causes of action (merely facts with request for relief). *See* 2 James Wm. Moore et al., *Moore's Federal Practice* P 8.04[3].

"Under the Federal Rules of Civil Procedure, an evidentiary standard is not a proper measure of whether a complaint fails to state a claim." Fowler, supra "…[S]tandards of pleadings are not the same as standards of proof." Id. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts alleged is improbable and that a recovery is very remote and unlikely." Id. (quoting Twombly, at 556).

2. Amended Pleading

A Plaintiff should be provided an opportunity to file an Amended Complaint if it appears that the deficiencies can be corrected. Twombly, supra.; *See*, 2A J. Moore, *Moore's Federal Practice* ¶12.07 [2.-5], P.12-99 (2d ed. 1994); *accord*, In re Spree.com Corp., 2001 WL 1518242 (Bankr. E.D. Pa. 2001). Under this liberal pleading standard, courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

The Court should freely give leave to amend a Complaint "when justice so requires." FRCP 15(a)(2); Fowler, supra. ("we note that the District Court inexplicably foreclosed Fowler from an opportunity to amend her Complaint so as to provide further specifics…" Though the deadline for amended pleadings had not yet expired, the District Court dismissed Fowler's Complaint with prejudice **in error**) (emphasis added). The Court should grant Plaintiffs leave to amend their Complaint unless futile or prejudicial, ***even if not requested***. Adams v Gould, Inc., 739 F.2d 858, 868-870 (C.A.3 1984) (reversing district court denial of motion to amend a complaint to assert a

new legal theory); Arthur V. Maersk, Inc., 434 F.3d 196, 204-2017 (C.A.3 2006) (reversing district court denial of motion to amend to add a new party approximately one year after initiation); Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (C.A.3 1993) (finding no prejudice three years after action and two years after complaint was amended for second time). "Prejudice" is often used as a misnomer – *prejudice* is not defined by the requirement of ongoing litigation or defense but instead results from an inability to defend. Id.

3. Jurisdiction

Supplemental jurisdiction "**must**" be declined in lieu of adjudicating pendent State law claims unless consideration is provided in affirmative justification otherwise. Borough of West Mifflin v. Lancaster, 45 F.3d 780 (C.A.3 1995) (emphasis added); *see,* Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988) ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims"); *see also,* Annulli v. Panikkar, 200 F.3d 189, 202 (3d Cir. 1999).

In adjudicating a peculiar State law question, that analysis should be left to the State Court. Burford v. Sun Oil Co., 319 U.S. 315 (1943); Louisiana Power & Light Co. v. City of Thibodaux, 360 U.S. 25 (1959).

4. Conclusion: Standard

When applying the correct standard, the FAC is sufficiently specific and Defendant Milford's Motion should be denied. In the alternative, Plaintiff should be granted leave to amend as this Honorable Court is, respectfully, directed to allow.

## II. Argument

1. Denied. Plaintiff's FAC speaks for itself.

2. Denied. The docket in the instant matter speaks for itself in regard to this allegation.
3. Denied. The docket in the instant matter speaks for itself in regard to this allegation.
4. Denied. Plaintiff's FAC speaks for itself.
5. Denied. Plaintiff's FAC speaks for itself.
6. Denied. Plaintiff's FAC speaks for itself.
7. Denied. Plaintiff alleges to the contrary of this averment that Milford's agent, Member's Only, proposed payment of the $5,600 trade allowance in cash for several months until refinancing of the loan (FAC ¶25) in light of the plaintiff's factual inability to afford monthly payment of the disputed transaction otherwise, FAC ¶¶23-24. Thus, plaintiff accepted such terms by agreeing to sign onto the disputed transaction based on this (mis)representation, FAC¶30.
8. Admitted in part, denied in part. Admitted that Plaintiff was paid the $5,600 directly by defendant Milford for her trade vehicle as alleged. However, any implication that the payment for her trade vehicle was not *also* a down payment is denied. Regardless, this factual dispute is improperly raised at the 12b6 stage of this proceeding prior to discovery.
9. Admitted in part, denied in part. Plaintiff of course admits Ex. C to the FAC shows a direct payment to her for her trade vehicle. The balance of this averment, that the such direct payment "clearly" shows it was a sale of her trade distinct from the disputed transaction is denied insofar as the payment is quite clearly pleaded by plaintiff as the opposite, i.e. a payment of cash to be paid towards the disputed transaction to render it affordable in the short term given plaintiff's fixed income, FAC ¶¶23-25, 32-35. Moreover, Movant's attempt to characterize the trade transaction as a transaction separate from sale of the disputed Volkswagen vehicle is undermined by its own deal documents for sale of the Volkswagen (Ex. C to the FAC) which describe payment for her vehicle as a trade-in in the context of a single disputed subject sale

transaction, not separate transactions. Additionally, plaintiff pleads that the trade and sale transactions are intertwined into a single transaction occurring on a sinlge day and visit by plaintiff to Movant's dealership location, FAC ¶¶15-35. Regardless, this factual dispute as to the nature and uses of the $5,600 payment is improperly raised at the 12b6 stage of this proceeding prior to discovery.

10. Denied. Plaintiff's amended complaint speaks for itself. Without waiver of such denial, plaintiff admits this is an accurate summary of the gist of the FAC's TILA violation count.

11. Denied for the reasons set forth in plaintiff's foregoing response to p. 9 of the Motion.

12. Denied. Movant again attempts to mischaracterize the nature of the transaction – one requiring plaintiff's use of the $5,600 cash trade payment as a down payment- by emphasis on semantic argument based on one allegation of the FAC, ¶25, taken out of context. Regardless of how the Members Only salesperson characterized the offer of funds to disguise the transaction's long term unaffordability, plaintiff accepted the offer of funds in the context of mitigating the transaction's unaffordable nature, but did so to her detriment as alleged otherwise in the FAC. Regardless, this factual dispute as to the nature and uses of the $5,600 payment is improperly raised at the 12b6 stage of this proceeding prior to discovery.

13. Denied. Regardless of whether the $5,600 was paid to her on the date of sale, the payment of funds to her the day after the sale (see check copy in FAC Ex. C) does not make the payment any less a part of a single transaction as alleged by plaintiff and as supported by Movant's own documents, see FAC Exhibits B and C. Indeed, if the $5,600 payment was a transaction separate from the disputed transaction, Movant could have composed separate sales documents for plaintiff's trade vehicle, but, in fact, did not do so.

**A. The TILA Claim is Sufficiently Pleaded and Should not be dismissed**

14. Admitted. However, Movant fails to abide by this conclusion of law in the Motion.

15. Admitted.

16. Admitted.

17. Admitted.

18. Denied for the reasons set forth in response to paragraphs 8, 9, 12, and 13 of the Motion in which paragraphs Movant fails to accept as true FAC ¶¶23-25, 32-35.

19. Denied for the reasons set forth in response to paragraphs 8, 9, 12, and 13 of the Motion in which paragraphs Movant fails to accept as true FAC ¶¶23-25, 32-35.

20. Admitted.

21. Admitted to be a correct statement of the law which Movant did not abide by its alleged actions. Instead, Movant used the $5,600 to reduce the cash price of the goods in the MV4ST form when it suited its purpose of pocketing more money from the sale rather than paying it in tax to the Commonwealth (Ex. C), but did not so reduce the cash price on the RISC to preserve the $5,600 for plaintiff's payment of the monthly installments and prevent early default and repurchase of the deal from assignee defendant FNB (FAC ¶¶37-39 and also FAC Ex. B RISC form). Regardless, this factual dispute as to the nature and uses of the $5,600 payment is improperly raised at the 12b6 stage of this proceeding prior to discovery.

22. Denied for the reasons set forth in the prior responses to the Motion herein. Furthermore, this factual dispute as to the nature and uses of the $5,600 payment is improperly raised at the 12b6 stage of this proceeding prior to discovery.

23. Denied for the reasons set forth in the prior responses to the Motion herein. Furthermore, this factual dispute as to the nature and uses of the $5,600 payment is improperly raised at the 12b6 stage of this proceeding prior to discovery.

**B. The fraud claim is sufficiently pleaded and should not be dismissed**

24. Denied as a conclusion of law to which no response is required.

25. Denied. Plaintiff's FAC speaks for itself.

26. Denied. Plaintiff's FAC speaks for itself.

27. Denied for the reasons set forth in the prior responses to the Motion's TILA arguments herein. Furthermore, this factual dispute as to the nature and uses of the $5,600 payment is improperly raised at the 12b6 stage of this proceeding prior to discovery.

28. Denied. Movant's arguments, as set forth exhaustively in prior responses herein, concern factual dispute as to the nature and uses of the $5,600 payment improperly raised at the 12b6 stage of this proceeding prior to discovery.

29. Denied. Plaintiff alleges facts regarding her $100 disposable income towards a $377 monthly installment payment, FAC ¶¶24, 29. Movant's characterization of this as "opinion" is baseless rhetoric.

30. Denied as a conclusion of law to which no response is required. Without waiver of such objection, this citation of law is irrelevant for the reasons set forth in the prior response.

31. Denied as a conclusion of law to which no response is required. Without waiver of such objection, this citation of law is irrelevant for the reasons set forth in response to the Motion, ¶29, herein.

32. Denied as a conclusion of law to which no response is required. Without waiver of such objection, this citation of law is irrelevant for the reasons set forth in response to the Motion, ¶29, herein.

33. Denied as a conclusion of law to which no response is required. Without waiver of such objection, this citation of law is irrelevant for the reasons set forth in response to the Motion, ¶29, herein.

**C. The UTPCPL claim is sufficiently pleaded and should not be dismissed**

34. Denied. The Superior Court in Grimes v. Enterprise Leasing Co. of Philadelphia, 2013 Pa. Super. 57, 66 A.3d 339 (Pa. Super. 2013) made clear that consumers need not allege much less prove justifiable reliance for all but fraud claims under the UTPCPL in order to make out claims for deceptive and misleading acts under the "catch-all" provision consumers need not show justifiable reliance. Id. at 337 n4 ("As this Court recently held in Bennett, when a plaintiff alleges a claim under the UTPCPL catchall provision under the theory of deceptive conduct, the plaintiff need not prove the elements of common law fraud, including 'induce[ment of] justifiable reliance ...' Therefore, to the extent that Grimes alleges Enterprise's conduct was deceptive, as opposed to fraudulent, she need not allege justifiable reliance".)

35. Denied. Plaintiff's FAC speaks for itself.

36. Denied for the reasons set forth in response to ¶¶ 8, 9, 12, and 13 of the Motion in which Movant fails to accept as true FAC ¶¶23-25, 32-35. Movant's attempt to dispute the FAC's characterization of the $5,600 payment is improper at a 12b6 motion to dismiss stage.

37. Denied for the foregoing reasons.

**D. Plaintiff's Negligent Misrepresentation claim is not barred by Economic Loss Doctrine**

38. Admitted in part, denied in part. It is admitted that this is part of plaintiff's allegation as to its negligent misrepresentation claim pleaded in the alternative to fraud and violation of the UTPCPL. However plaintiff also alleges that Movant misrepresented "the condition and safety of the vehicle", FAC ¶111.

39. Denied. Movant has a duty not to engage in predatory lending against consumers in this Commonwealth especially when such consumer is a ward of the citizenry as an elderly person on a fixed, largely publically funded income. Additionally, Movant has a duty not to sell vehicles with undisclosed damage conditions which present a danger to the public using and proximate to motorways.

40. Admitted that plaintiff's damages are economic.

41. Denied. The Economic loss doctrine does not bar a claim for negligent misrepresentation in Pennsylvania. Bilt-Rite Contractors, Inc., v. The Architectural Studio, 581 Pa. 454, 866 A.2d 270 (Pa. 2005); O'Keefe v. Mercedes-Benz USA, LLC, 214 F.R.D 266 (E.D. Pa. 2003); Oppenheimer v. York Int'l, 2002 WL 31409949 (Pa. Com. Pl. Oct. 25, 2002).

42. Denied based on plaintiff's prior response and memorandum of law in opposition attached to this response.

**E. There is no Scandalous and impertinent matter in the FAC**

43. Denied as a conclusion of law to which no response is required.

44. Denied. Plaintiff has alleged the same pattern of conduct by Movant in other consumer sales transactions in this Commonwealth involving false and deceptive use of credit and the credit application process by Movant respecting consumer buyers like plaintiff. "Scandalous and impertinent matter" is defined as "allegations . . . immaterial and inappropriate to the proof of the cause of action." Common Cause/Pa. v. Commonwealth, 710 A.2d 108, 115 (Pa. Commw. Ct. 1998) (citing Department of Envtl. Resources v. Peggs Run Coal Co., 55 Pa. Commw. 312, 423 A.2d 765 (1980)). Pennsylvania courts have been restrained in striking scandalous and impertinent pleadings:

> [T]here is some authority for the proposition that, even if the pleading of damages was impertinent matter, that matter need not be stricken but may be

> treated as "mere surplusage" and ignored. . . . Furthermore, the right of a court to strike impertinent matter should be sparingly exercised and only when a party can affirmatively show prejudice.
> Commonwealth, Dept. of Envtl. Resources v. Hartford Accident & Indem. Co., 40 Pa. Commw. 133, 137-38, 396 A.2d 885, 888 (1979) (citations omitted).

45. Denied for the foregoing reasons. Plaintiff should be permitted discovery on this issue and therefore a motion to dismiss is premature.

WHEREFORE, plaintiff respectfully requests the Motion be denied in its entirety.

Dated: Dec. 29, 2014

RC 935
ROBERT P. COCCO, P.C.
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

ANN M. PANNETTA, Plaintiff, vs. MILFORD CHRYSLER SALES INC. et al.; Defendants : Civil Action No.: 14-cv-5680-JD

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT MILFORD'S MOTION TO DISMISS AMENDED COMPLAINT**

Regarding the ELD and plaintiff's negligent misrepresentation claim, Movant's duty to plaintiff arises not from contract but is instead a tort duty. The determination of whether a duty exists in a particular case involves the weighing of several discrete factors which include: (1) the relationship between the parties; (2) the social utility of the actor's conduct; (3) the nature of the risk imposed and foreseeability of the harm incurred; (4) the consequences of imposing a duty upon the actor; and (5) the overall public interest in the proposed solution. Althaus ex rel. Althaus v. Cohen, 562 Pa. 547, 756 A.2d 1166, 1169 (2000). Here the relationship of the parties is contractual based on the RISC, but the RISC does not define Movant's duty to not engage in predatory lending and to not put dangerous cars on the public motorways by concealing their damage history from consumers. Hence, Movant's duties and misrepresentations at issue were NOT defined in the contract. Other than setting forth the vehicle's year, make and model, and the bare representation that the vehicle was "used", the RISC does not contain any promises regarding the history or condition of the vehicle or duties undertaken under the common law to inspect. Moreover, there is already a duty imposed by statute upon defendant to disclose frame damage in the sales presentation for a used vehicle to prevent harm to the consumer and the public from operation of a defective vehicle, FAC ¶¶ 62-67, 82.

Plaintiff otherwise relies upon the argument and legal citations in her motion response and in the FAC regarding the balance of Movant's arguments in the Motion.

**Conclusion**

The Motion is a cynical exercise that abuses the vehicle of a 12b6 motion to argue the facts alleged, specifically arguing the $5,600 it disclosed in some documents as a down payment was not actually a down payment and was therefore properly and therefore not calculated in the credit sale disclosures to plaintiff under TILA and otherwise. Respectfully, the Motion should be rejected by this Court and an Order entered to this effect accordingly.

Dated: Dec. 29, 2014

RC 935
ROBERT P. COCCO, P.C.
Attorney for Plaintiff

Certificate of Service

I, Robert P. Cocco, counsel for Plaintiff, hereby certify that I filed the foregoing Response to Defendant Milford's Motion to Dismiss First Amended Complaint electronically and that all parties of record have been served via ECF email.

Dated: Dec. 29, 2014

RC 935
ROBERT P. COCCO, P.C.
Attorney for Plaintiff