UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

ANN M. PANNETTA, :
          Plaintiff, :
   vs. :
    :
MILFORD CHRYSLER SALES INC. et al.; : Civil Action No.: 14-cv-5680-JD
          Defendants. :

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT FIRST NATIONAL BANK'S
MOTION TO DISMISS AMENDED COMPLAINT**

Plaintiff answers in opposition to the Motion to Dismiss plaintiff's First Amended Complaint of Defendant/Movant FIRST NATIONAL BANK ("FNB") as follows:

**I.    Summary of Facts/Argument**

The First Amended Complaint ("FAC") for the instant case alleges claims against a car dealer and its agents and assignee engaging in predatory lending and deceptive sales practices from sale of a collision related frame damaged used vehicle (FAC ¶¶ 62-67) on unaffordable terms to an elderly fixed income consumer (FAC ¶¶ 13, 23-25, 32-35).

Movant makes two (2) factual arguments regarding plaintiff's Count I TILA claims: 1) that there are no defects apparent on the face of the credit disclosures, and; 2) plaintiff's math is wrong as to calculation of the required disclosure items including the amount financed. Both arguments improperly seek to use the vehicle of a 12b6 motion to dismiss plaintiff's action by disputing a factual cornerstone of her allegations, namely that the $5,600 down payment is facially defective in the TILA disclosures.

FNB's reference to an arbitration clause and related citation of clauses in the BO and RISC in its statement of facts is not otherwise the basis of legal argument in the body of its motion so plaintiff does not address it further herein other than to state that Pennsylvania appellate law does not support the validity or enforcement of a forced arbitration clause outside the terms of a RISC,

1

*see* Knight v. Springfield Hyundai, 3089 EDA 2012 (Pa. Super., Dec. 2, 2013).  This offhand reference to facts irrelevant to its arguments occupies roughly 2 ½ pages of its motion from the end of page 2 through the middle of page 5 and wastes the parties' and the Court's time in the process.

**II.     Standard**

   1.  Motion to Dismiss:  *Fowler* re *Twombly* and *Iqbal*

**Reversing** the District Court's 12(b)(6) dismissal upon claims of insufficient specificity, the Third Circuit held the United State Supreme Court in Twombly and Iqbal (in accord with Phillips) merely requires that the Complaint "set out 'sufficient factual matter' to show that the claim is sufficiently plausible… [allowing] the reasonable inference that the defendant is liable for the misconduct alleged."  Fowler v. UPML Shadyside - - F. 3d - -, 2009 WL 2501662 (C.A.3 (Pa) 2009) (quoting Ashcroft v. Iqbal, 129 S.Ct. 1955 (2009)); Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007); Phillips v. County of Allegheny, 515 F.3d 224, 230 (C.A.3 2008).

Fowler reiterated the appropriate Motion to Dismiss standard, as elucidated in Phillips, remaining: "courts [must] accept all factual allegations as true, construe the Complaint in the light most favorable to the plaintiff, and determine whether, under **any** reasonable reading of the Complaint, the plaintiff *may* be entitled to relief."  Fowler, supra (quoting Phillips, at 233) (emphasis added).  "Although Fowler's Complaint is not as rich with detail as some might prefer, it need only set forth sufficient facts to support plausible claims."  Fowler (citing Twombly, at 564, n.8).

"Even post-Twombly, it has been noted that a plaintiff is **not required** to establish the elements of a *prima facie* case but instead, need only put forth allegations that 'raise a reasonable expectation *that discovery will reveal evidence of the necessary element*.'"  Fowler, supra; (quoting Graff v. Subbiah Cardiology Associates, Ltd., 2008 WL 231 2671 (W.D. Pa. 2008) Phillips, at 234.

2

Thus, courts should not dismiss a complaint for failure to state a claim if it "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Montville Twp. v. Woodmont Builders LLC, No. 05-4888, 2007 WL 2261567, at *2 (3d Cir. 2007) (quoting Twombly, at 1969). In fact, a Plaintiff need not plead any causes of action (merely facts with request for relief). *See* 2 James Wm. Moore et al., *Moore's Federal Practice* P 8.04[3].

"Under the Federal Rules of Civil Procedure, an evidentiary standard is not a proper measure of whether a complaint fails to state a claim." Fowler, supra "…[S]tandards of pleadings are not the same as standards of proof." Id. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts alleged is improbable and that a recovery is very remote and unlikely." Id. (quoting Twombly, at 556).

2. Amended Pleading

A Plaintiff should be provided an opportunity to file an Amended Complaint if it appears that the deficiencies can be corrected. Twombly, supra.; *See,* 2A J. Moore, *Moore's Federal Practice* ¶12.07 [2.-5], P.12-99 (2d ed. 1994); *accord*, In re Spree.com Corp., 2001 WL 1518242 (Bankr. E.D. Pa. 2001). Under this liberal pleading standard, courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

The Court should freely give leave to amend a Complaint "when justice so requires." FRCP 15(a)(2); Fowler, supra. ("we note that the District Court inexplicably foreclosed Fowler from an opportunity to amend her Complaint so as to provide further specifics…" Though the deadline for amended pleadings had not yet expired, the District Court dismissed Fowler's Complaint with

3

prejudice **in error**) (emphasis added). The Court should grant Plaintiffs leave to amend their Complaint unless futile or prejudicial, ***even if not requested***. Adams v Gould, Inc., 739 F.2d 858, 868-870 (C.A.3 1984) (reversing district court denial of motion to amend a complaint to assert a new legal theory); Arthur V. Maersk, Inc., 434 F.3d 196, 204-2017 (C.A.3 2006) (reversing district court denial of motion to amend to add a new party approximately one year after initiation); Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (C.A.3 1993) (finding no prejudice three years after action and two years after complaint was amended for second time). "Prejudice" is often used as a misnomer – *prejudice* is not defined by the requirement of ongoing litigation or defense but instead results from an inability to defend. Id.

3. Jurisdiction

Supplemental jurisdiction "**must**" be declined in lieu of adjudicating pendent State law claims unless consideration is provided in affirmative justification otherwise. Borough of West Mifflin v. Lancaster, 45 F.3d 780 (C.A.3 1995) (emphasis added); *see,* Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988) ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims"); *see also,* Annulli v. Panikkar, 200 F.3d 189, 202 (3d Cir. 1999).

In adjudicating a peculiar State law question, that analysis should be left to the State Court. Burford v. Sun Oil Co., 319 U.S. 315 (1943); Louisiana Power & Light Co. v. City of Thibodaux, 360 U.S. 25 (1959).

4. Conclusion: Standard

When applying the correct standard, the FAC is sufficiently specific and Defendant FNB's Motion should be denied. In the alternative, Plaintiff should be granted leave to amend as this Honorable Court is, respectfully, directed to allow.

II. **Argument**

   A. **The TILA Claim is Sufficiently Pleaded and Should not be dismissed**

First, the apparent defect on the face of the TILA disclosure is that it lists a "Pay Off Made By Seller" in the amount of $5,600 but there is no indication thereon of who was paid this sum nor any other credit documentation reflecting a pay off. Of course, this is because the pay off was a fiction created by defendant Milford, FAC ¶¶23-25, 32-35. Not only is there a lack of support for the $5,600 being a pay off, the credit documentation directly contradicts it, i.e. the $5,600 reduces the vehicle's purchase price in the MV-4ST by that amount (FAC Ex. "C"). To be reflected consistently, it should have also reduced the principal amount of the loan in the TILA. Movant fails to accept these allegations, and the complaint exhibits incorporated thereby, as true. Accordingly, this factual dispute as to the nature and uses of the $5,600 payment is improperly raised at the 12b6 stage of this proceeding prior to discovery as to its impact on the accuracy of the TILA disclosures.

Second, FNB simply misunderstands plaintiff's argument in its attempt to address her miscalculation of charges under TILA. Put simply, the down payment should not be negative in item 2 of the TILA disclosure, it should be $5,600. While not specifically alleged, it is the logical result of the FAC's extensive allegations concerning the nature of the $5,600 being a down payment of cash, not pay off of a fictitious lien, FAC ¶¶23-25, 37-44. This factual dispute is nonetheless improperly raised at the 12b6 stage of this proceeding prior to discovery.

   B. **Plaintiff withdraws claims against FNB under Counts II, III, IV, and V of the FAC**

Plaintiff withdraws her claims in this regard against defendant FNB only.

5

### C. Prayer for Damages

Plaintiff pleaded in error attorney fees against the defendants under 15 U.S.C. § 1691 intending instead to plead such under 15 U.S.C. § 1640(a)(3) consistent with her TILA allegations and the absence of any preceding ECOA allegations. Plaintiff is entitled to amend her complaint in this regard.

WHEREFORE, plaintiff respectfully requests the Motion be denied as to all but.


Dated: <u>Jan. 26, 2014</u>                                    <u>RC 935</u>
                                                               ROBERT P. COCCO, P.C.
                                                               Attorney for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

ANN M. PANNETTA,                                  :
              Plaintiff,                         :
  vs.                                              :
                                                        :
MILFORD CHRYSLER SALES INC. et al.; : Civil Action No.: 14-cv-5680-JD
        Defendants             :

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT FIRST NATIONAL BANK'S
<u>MOTION TO DISMISS AMENDED COMPLAINT</u>**

In the interests of efficiency, Plaintiff relies upon the argument and legal citations in her motion response and in the FAC regarding Movant's arguments in the Motion.

**<u>Conclusion</u>**

The Motion fails under TILA for the reasons argued. Respectfully, the Motion should be rejected by this Court and an Order entered to this effect accordingly.


Dated: <u>Jan. 26, 2014</u>                                        <u>RC 935</u>
                                                                       ROBERT P. COCCO, P.C.
                                                                       Attorney for Plaintiff

Certificate of Service

I, Robert P. Cocco, counsel for Plaintiff, hereby certify that I filed the foregoing Response to Defendant First National Bank's Motion to Dismiss First Amended Complaint electronically and that all parties of record have been served via ECF email.


Dated: Jan. 26, 2014                                         RC 935
                                                             ROBERT P. COCCO, P.C.
                                                             Attorney for Plaintiff